UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RYMED TECHNOLOGIES, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>  vs.<br><br>ICU MEDICAL, INC., a Delaware corporation,<br><br>       Defendant. | Case No.  SA CV 07-1199 MRP (VBKx)<br><br>**PROTECTIVE ORDER**<br><br>**Hon. Mariana R. Pfaelzer** |

Plaintiff RyMed Technologies, Inc. ("RyMed") and Defendant ICU Medical, Inc. ("ICU"), recognizing that each may have confidential, proprietary, and/or trade secret information relevant to the subject matter of this lawsuit that would otherwise be subject to discovery, have agreed to the entry of the following Protective Order governing the disclosure and discovery of such confidential and highly confidential information.

///

///

///

[PROPOSED] PROTECTIVE ORDER
CASE NO. SA CV 07-1199 MRP (VBKx)

DM_US:21321162_3

Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), IT IS HEREBY ORDERED:

## INFORMATION SUBJECT TO THIS ORDER

1. For the purposes of this Order, "Confidential Information" shall mean proprietary information not generally known to the public that the designating party would not disclose to competitors or third parties within the ordinary course of business, which has been designated by the producing party as "CONFIDENTIAL" pursuant to the terms of this Order.

2. For the purposes of this Order, "Highly Confidential Information" shall mean information meeting the definition of Confidential Information set forth in Paragraph 1 and that contains sensitive financial, technical, or competitive information, trade secrets, or research and development, that the designating party believes in good faith could cause it to suffer substantial competitive harm if publicly known or known by agents or employees of the parties who would have access under this Order only to Confidential Information, and which has been designated by the producing party as "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order.

3. Notwithstanding Paragraphs 1 and 2, the following information is neither Confidential Information nor Highly Confidential Information:

    (a) any information that at the time of disclosure to a receiving party is in the public domain;

    (b) any information that, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the producing party;

    (c) any information known to the receiving party prior to the disclosure; and

(d) any information obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

Nothing in this Protective Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information described above in subparagraphs (a)-(d) of this Paragraph.

4. Absent a specific order by the Court, all information produced in this litigation designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used by the parties solely in connection with and for purposes of this litigation, except as provided herein. Any use of such information that is outside of this strict scope of use shall be a violation of this Order.

## **DESIGNATING CONFIDENTIAL INFORMATION**

5. With respect to documents produced by a party, a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation shall be made by the party producing the document, at the time of production (or as may be agreed to by the parties), by labeling or marking the document with the appropriate legend. Any response to written interrogatories or requests for admission (or any portion thereof) that constitutes or contains Confidential or Highly Confidential Information shall be labeled or marked with the appropriate legend by the party providing the response. All or portions of depositions or other testimony, and exhibits thereto, may be designated by a party or the witness being examined as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" orally at the time of the examination or in writing within thirty (30) days after receipt of the transcript. Post-deposition designation shall be specific by page and exhibit as appropriate. Until expiration of the thirty (30) day designation period, the entire transcript with exhibits shall be considered "HIGHLY CONFIDENTIAL" and protected from disclosure under this Order. Documents that are used as exhibits and are already

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall keep their confidentiality designation.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

6. The parties shall use reasonable care when designating documents or information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The acceptance by a party of documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute an agreement, admission, or concession, or permit an inference, that the materials are in fact properly subject to protection under Federal Rule of Civil Procedure 26(c) or on any other basis. Nothing in this Order shall be construed to prevent any party from objecting to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation as outside the scope of this Order or Federal Rule of Civil Procedure 26(c).

7. A party shall not be obliged to challenge the propriety of a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If after receiving information designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL," a receiving party believes that such information does not meet the requirements for such designation, the receiving party shall notify the producing party in writing and request that the designation be removed. Within ten days after receipt of such notice, the producing party shall advise the receiving party in writing whether it will or will not treat the subject information as requested. The receiving party shall seek to reach agreement with the designating party to withdraw the designation; if agreement cannot be reached between counsel, a written motion may be made to this Court by the receiving party for an Order removing the designation from specified documents or testimony. Any documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and any filing made under seal to which an objection has been made shall not be disclosed in any manner inconsistent with this Order until such matter has

-4-

been resolved by agreement of the parties or by Court Order.  The misdesignation of information shall not, in any way, affect the Court's determination as to whether or not the information is entitled to the requested status.

## PERSONS QUALIFIED TO RECEIVE CONFIDENTIAL INFORMATION

8. Materials designated as "CONFIDENTIAL" and filings made under seal with such material may be inspected by and disclosed only to the following persons and only for the purpose of conducting this litigation:

    (a) the Court and its employees;

    (b) any person who authored or received the information or document in the ordinary course of business, or whose counsel has a good faith basis to believe authored or received the information or document in the ordinary course of business;

    (c) outside counsel of record for the parties (*i.e.* for RyMed Technologies, Inc., Howrey LLP and for ICU Medical, Inc., Morrison & Foerster LLP and Kohut & Kohut LLP) and their employees, including supporting personnel employed or retained by such counsel, such as paralegals, consultants, translators, interpreters, secretaries, clerks, stenographers or videographers, document copying or scanning services, and data entry or data processing staff;

    (d) two designated corporate representatives for plaintiff and two designated corporate representatives for defendant, subject to the conditions set forth in Paragraph 11;

    (e) outside expert witnesses or consultants with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, and their

respective secretarial, clerical, and supporting personnel, subject to the conditions set forth in Paragraph 12;

 (f) third-party court reporting services, third-party duplicating, document handling and/or imaging services;

 (g) persons who have been retained by the receiving party or its counsel specifically to consult with regard to jury- or trial-related matters, including the composition of the jury in this matter (collectively referred to as "Trial Consultants"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Trial Consultant in connection with this matter;

 (h) persons who have been retained by the receiving party or its counsel of record specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Graphic Designer in connection with this matter; and

 (i) any other persons upon such terms and conditions as the parties may agree or as the Court by order directs.

9. Materials designated as "HIGHLY CONFIDENTIAL" and filings made under seal with such material may be inspected by and disclosed only to the following persons and only for the purpose of conducting this litigation:

 (a) the Court and its employees;

 (b) any person who authored or received the information or document in the ordinary course of business, or whose counsel has a good faith basis to believe authored or received the information or document in the ordinary course of business;

-6-

(c) outside counsel of record for the parties (*i.e.* for RyMed Technologies, Inc., Howrey LLP and for ICU Medical, Inc., Morrison & Foerster LLP and Kohut & Kohut LLP) and their employees, including supporting personnel employed or retained by such counsel, such as paralegals, consultants, translators, interpreters, secretaries, clerks, stenographers or videographers, document copying or scanning services, and data entry or data processing staff;

(d) outside expert witnesses or consultants with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, and their respective secretarial, clerical, and supporting personnel, subject to the conditions set forth in Paragraph 12;

(e) third-party court reporting services, third-party duplicating, document handling and/or imaging services;

(f) persons who have been retained by the receiving party or its counsel specifically to consult with regard to jury- or trial-related matters, including the composition of the jury in this matter (collectively referred to as "Trial Consultants"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Trial Consultant in connection with this matter;

(g) persons who have been retained by the receiving party or its counsel of record specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working

under the supervision of such a Graphic Designer in connection with this matter; and

(h) any other persons upon such terms and conditions as the parties may agree or as the Court by order directs.

10. Any person who makes any disclosure in confidence under this Order of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents, responses, testimony or filings made under seal, shall advise each person to whom such disclosure is made of this Order. The persons described in Paragraphs 8 and 9 above are enjoined from disclosing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents and information to any other person except in conformance with this Order.

11. Before materials designated "CONFIDENTIAL" and filings made under seal with such material may be disclosed to persons identified in Paragraph 8(d), the person to whom the disclosure is to be made shall first complete and sign the Declaration attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. A copy of the completed and signed Declaration shall then be immediately sent to counsel for the party producing the Confidential Information.

12. Five business days' written notice must be given to the designating party before materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and filings made under seal with such material may be disclosed to persons identified in Paragraphs 8(e) and 9(d). The notice shall include identification of the expert witness or consultant, a copy of the curriculum vitae for that expert witness or consultant, and a completed and signed Declaration attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. In addition, any non-clerical persons who will assist the persons identified in Paragraphs 8(e) and 9(d) and have access to Confidential Information or Highly Confidential Information shall first complete and sign the Declaration attached hereto as Attachment A stating

-8-

that he or she has read and understands this Order and agrees to be bound by its terms. A copy of the completed and signed Declaration shall then be sent via email, with confirmation by mail, to counsel for the party producing the Confidential Information or Highly Confidential Information.

13. Nothing in this Order shall be construed to require execution of the Declaration, or to prevent disclosure of its own Confidential Information or Highly Confidential Information, by the producing party or by any employee of such party.

14. Any person receiving Confidential Information or Highly Confidential Information shall not prepare or prosecute any patent application on behalf of any party to this action relating to needleless intravenous connector technology, or otherwise participate in proceedings before the patent office relating to such an application, from the time of receipt of such information through and including two (2) years following the termination of this litigation.  This paragraph shall not be construed, however, to prevent such persons from generally discussing patents related to needleless intravenous connector technology with other persons engaged in the prosecution or preparation of new patent applications relating to such technology, provided that no Confidential Information or Highly Confidential Information may be directly or indirectly disclosed to such other persons.

**OBJECTIONS TO DISCLOSURE OF CONFIDENTIAL INFORMATION**

15. If an objection to disclosure of Confidential Information or Highly Confidential Information is made, the parties shall attempt to informally resolve the objection before the party proposing disclosure seeks relief from the Court.

16. If the party proposing disclosure of Confidential Information or Highly Confidential Information to persons identified in Paragraphs 8(e) and 9(d) receives an objection to such disclosure during the five-day notice period under Paragraph 12, there shall be no disclosure to the proposed receiving party until such objection is resolved.  If the parties cannot informally resolve an objection to the disclosure of Confidential

Information or Highly Confidential Information, the objecting party must file a motion with the Court objecting to the disclosure within ten business days after identification of the person to whom disclosure is sought, or the objection to disclosure is waived, unless the parties first agree in writing to extend said time period beyond ten business days. No Confidential Information or Highly Confidential Information shall be disclosed to such person until the matter has been ruled upon by the Court or otherwise resolved.

## **INADVERTENT DISCLOSURE**

17.     If a party inadvertently produces or provides discovery of any Confidential Information or Highly Confidential Information without designating, labeling or marking it with the appropriate legend as provided in this Order, the producing party may give written notice to the receiving party or parties that the document, or other information, response or testimony is confidential and should be treated in accordance with the provisions of this Order.  The receiving party or parties must treat such documents, information, responses and testimony as designated from the date that such notice is received.  Disclosure of such documents, information, responses or testimony prior to receipt of such notice to persons not authorized to receive Confidential Information or Highly Confidential Information shall not be deemed a violation of this Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and must be treated in accordance with this Order.

18.     If Confidential Information or Highly Confidential Information is disclosed to anyone not authorized to receive it under this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and make every effort to prevent further disclosure.

19.     If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the

-10-

document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party. The inadvertent disclosure of information shall not constitute a waiver of attorney-client privilege or work-product immunity. The receiving party or parties shall return to the producing party such document. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be produced for other reasons than a waiver caused by the inadvertent production. The misdesignation of information shall not, in any way, affect the Court's determination as to whether or not the information is entitled to the requested status.

## **THIRD PARTIES AND ADDITIONAL PARTIES**

20. It is expressly contemplated, agreed and ordered that third parties, including witnesses, who provide discovery in this action may invoke all provisions of this Order as to that discovery, and that the parties to this Order will treat all material designated by such third parties as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Order. A third party's use of this Order to protect its Confidential Information or Highly Confidential Information does not entitle that third party access to Confidential Information or Highly Confidential Information produced by any party in this case.

21. In the event that one or more parties are added or substituted into this action by any means including consolidation with another action, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties (other than a subsidiary of a party who is already bound by this Order) to seek relief from or modification of this Order. Said parties who join or are added or

-11-

substituted into this action shall not have access to Confidential Information or Highly Confidential Information until the newly joined party or its counsel has executed, and filed with the Court, its agreement to be bound by this Order.

## **MISCELLANEOUS PROVISIONS**

22. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information or Highly Confidential Information.

23. Nothing herein shall be construed to affect or limit in any way the admissibility of any document, testimony or other evidence at trial.

24. Within thirty (30) days after the final termination of this litigation, all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents produced by any party and any copies of all such documents shall, upon request by the producing party, be returned by counsel of record for the receiving party, or be destroyed at the receiving party's option. If the receiving party destroys the documents, it shall provide written certification of the destruction to the producing party. Receiving outside counsel may retain copies of any document that has been filed with the Court under seal, and may retain other documents, things, copies and samples to the extent they include or reflect the receiving attorneys' work product. The parties agree to cooperate in the removal of confidential information from the Court's files upon final termination of this action.

25. All obligations and duties arising under this Order shall survive the termination of this action. This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the improper use of designated confidential information, to modify the terms of this Order, or to enter further Orders respecting confidentiality, as may be necessary.

26. No part of the restrictions imposed by this Order may be waived or terminated, except by the written stipulation executed by counsel of record for each party, or by an order of the Court for good cause shown. The restrictions provided

1  herein shall not terminate upon the conclusion of this lawsuit, but shall continue until
2  further order of this Court.
3  **IT IS SO ORDERED.**
4
5  Dated:  August 25, 2008                      _____
                                                 Hon. Mariana R. Pfaelzer
6                                                United States District Judge

-13-

**ATTACHMENT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RYMED TECHNOLOGIES, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ICU MEDICAL, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No.  SA CV 07-1199 MRP (VBKx)<br><br>**PROTECTIVE ORDER ACKNOWLEDGEMENT AND DECLARATION**<br><br>**Hon. Mariana R. Pfaelzer** |

　　　I, _____, state the following:

　　　1.　I reside at _____.

　　　2.　My present employer is _____.

　　　3.　My present occupation or job description is _____.

　　　4.　I have read the Protective Order in this action and understand its provisions. I hereby promise and agree to be bound by its terms, and promise and agree to maintain, pursuant thereto, the confidentiality of all information furnished to me which has been

[PROPOSED] PROTECTIVE ORDER
CASE NO. SA CV 07-1199 MRP (VBKx)

DM_US:21321162_3

designated as such under that Order. I understand that these promises are conditions precedent to my receipt of any such information.

5. I understand that I am to retain all copies of any documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential Information or Highly Confidential Information are to be destroyed or returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Order and to take steps to ensure their compliance with the terms of the Protective Order.

7. I agree to submit myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the terms of this Acknowledgment and Declaration.

8. I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 200\_.   _____